IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL          :
PROPERTY CONSULTANTS, INC.,   :

                                    :

         *Plaintiff*,         :

                                    :      Civil Action No. 11-1305-LPS

        v.                    :

                                    :

MOTOROLA MOBILITY LLC,       :

                                    :

        *Defendant*.      :

## MEMORANDUM ORDER

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair" or "Plaintiff") has

moved to stay this patent infringement lawsuit pending resolution of motions for summary

judgment currently before this Court in related cases. (D.I. 33) Defendant Motorola Mobility

LLC ("MM" or "Defendant") opposes a stay. (D.I. 36) For the reasons set forth below, IT IS

HEREBY ORDERED that Plaintiff's motion is GRANTED.

1.       Plaintiff initiated this action on December 30, 2011. (D.I. 1) Plaintiff alleges that

Defendant infringes U.S. Patent Nos. 5,710,929, 5,758,175, 5,892,959, 6,079,025 (collectively,

the "Fung Patents"), 5,630,163 (the "'163 patent"), and 5,822,610 (the "'610 patent").

2.       The Court entered a Scheduling Order (D.I. 14) on April 2, 2012.

3.       Plaintiff filed its motion to stay proceedings on August 14, 2012. (D.I. 33)

4.       Courts typically rely on three factors in determining whether a stay is appropriate:

(1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial

date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical

disadvantage to the non-moving party. *See Landis v. North American Co.*, 299 U.S. 248, 254-55

(1936); *Enhanced Sec. Research, LLC. v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. June

25, 2010). In exercising discretion over whether to grant a motion to stay, courts may also consider whether the moving party would face undue hardship or inequity in the absence of a stay. *See Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at \*2 (D. Del. Dec. 13, 2010).

5.     St. Clair argues that a stay is appropriate because multiple summary judgment motions, including several seeking to invalidate patents asserted here, are pending before this Court in related patent infringement cases. *See St. Clair Intell. Prop. Consultants, Inc. v. Acer et al.*, C.A. No. 09-354-LPS (consolidated); *Microsoft Corp. v. St. Clair Intell. Prop. Consultants, Inc.*, C.A. No. 10-282-LPS (collectively with C.A. 09-354, the "Computer Case"). Additionally, two other related cases have already been stayed by this Court. *See St. Clair Intell. Prop. Consultants, Inc. v. Hewlett-Packard Co.*, No. 10-425-LPS D.I. 55 (the "HP Computer Case") (involving Fung and '163 patents); *St. Clair Intell. Prop. Consultants Inc. v. LG Elecs. Inc. et al.*, No. 11-1304-LPS D.I. 26 (the "LG Case") (involving same six patents at issue in instant case). Yet another related case has not proceeded beyond briefing on a motion to dismiss. *See St. Clair Intell. Prop. Consultants Inc. v. Samsung Elecs. Co. Ltd. et al.*, No. 12-69-LPS (the "Samsung Case") (same).

6.     A stay may very well simplify the issues to be litigated in the instant case, as the Court will be evaluating, in the context of summary judgment motions pending in the Computer Case, various efforts to invalidate many of the claims of the patents-in-suit.[1] Staying the instant action may also foster judicial economy by permitting this case to proceed in a coordinated

---

[1]*See also* D.I. 38 at 2 (St. Clair arguing, "the outcomes of the parties' summary judgment motions in the Computer Case will definitely affect each party's settlement positions in this case").

fashion with the related matters that are already stayed (i.e., the HP Computer Case and LG Case). *See Smarter Agent, LLC v. Mobilerealtyapps.com, LLC*, 2012 WL 3853902, at *2 (D. Del. Sept. 5, 2012).

7. This case has proceeded through partial completion of fact discovery, including the exchange of certain contention interrogatories, production of core technical documents, and the passage of the deadline for filing of opening claim construction briefs (a deadline with which only MM complied). Under the Scheduling Order (D.I. 14), fact discovery remains open until April 2013 and no trial date has been set.

8. Defendant's complaints about the prejudicial impact of its compliance with the Court's Scheduling Order, particularly regarding claim construction, and Plaintiff's apparent non-compliance can most appropriately be addressed, if necessary, in the context of Defendant's recently-filed motion for sanctions. (D.I. 40) That Plaintiff may have additional time to refine its theories or strategies, including relating to claim construction, does not, in the circumstances presented here, rise to the level of undue prejudice or clear tactical disadvantage to Defendant.

9. The Court agrees with Defendant that Plaintiff has failed to assert any hardship or inequity it may face if the case proceeds, particularly as this is a case Plaintiff filed knowing full well of the pendency of its various related actions. However, hardship to the movant in the absence of a stay is merely one factor the Court may consider, and its absence here does not tip the scale in favor of denying the requested stay. *See Cooper*, 2010 WL 5149351, at *2.

Accordingly, Plaintiff's Motion to Stay (D.I. 33) is GRANTED.  This action is stayed in its entirety WITH THE EXCEPTION that briefing on the pending motion for sanctions filed by MM (D.I. 40) shall proceed according to the Local Rules.  The *Markman* hearing scheduled for October 10, 2012 is CANCELLED.

Dated: September 20, 2012
Wilmington, Delaware

UNITED STATES DISTRICT COURT