IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL  :
PROPERTY CONSULTANTS, INC., :
　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff,　　　　　　　:
　　　　　　　　　　　　　　　　　: Civil Action No. 11-1305-LPS
　　v.　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
MOTOROLA MOBILITY LLC,　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　Defendant.　　　　　　　:

Richard D. Kirk, Stephen B. Brauerman, BAYARD, P.A., Wilmington, DE.

R. Terrance Rader, Charles W. Bradley, Glenn E. Forbis, RADER, FISHMAN & GRAUER PLLC, Bloomfield Hills, MI.

　　　Attorneys for Plaintiff.

Jack B. Blumenfeld, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE.

Jonathan E. Retsky, WINSTON & STRAWN LLP, Chicago, IL.
Andrew R. Sommer, Matthew B. Weinstein, WINSTON & STRAWN LLP, Washington, DC.

　　　Attorneys for Defendant.

**MEMORANDUM OPINION**

March 29, 2013
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

Presently before the Court is Defendant Motorola Mobility LLC's ("MMI" or "Defendant") Motion for Sanctions for Plaintiff St. Clair Intellectual Property Consultants, Inc.'s ("St. Clair" or "Plaintiff") Violations of this Court's Scheduling Order. (D.I. 40) For the reasons discussed below, the Court will grant the motion, but not award all of the relief sought.

## I. BACKGROUND

On December 30, 2011, St. Clair filed suit against MMI for willful infringement of six St. Clair patents, seeking injunctive relief and treble damages. (D.I. 1) Pursuant to the Court's Scheduling Order (D.I. 14 ¶ 10), the parties were to exchange a list of disputed claim terms on July 30, 2012, and meet and confer to prepare a Joint Claim Construction Chart to be submitted on August 13, 2012. Initial claim construction briefs were to be submitted contemporaneously on August 31, 2012, with answering briefs to be submitted on September 28, 2012. (*Id.* ¶ 11)

On July 2, 2012, MMI provided its technical documents and source code to St. Clair. Pursuant to the Scheduling Order, St. Clair was to submit initial infringement contentions by August 31, 2012. (*Id.* ¶ 12(a)) St. Clair did not provide infringement contentions.

MMI provided St. Clair a list of 38 disputed terms on July 30, 2012. St. Clair did not provide a list but responded on July 31, 2012 that no terms required construction. (D.I. 47 Ex. 5) MMI began to seek to meet and confer in order to prepare the Joint Claim Construction Chart. On August 2, 2012, St. Clair asked whether MMI would agree to stay the case. (*Id.* Ex. 8) On August 9, 2012, MMI declined the proposed stay and sought to meet and confer on August 13, 2012. (*Id.* Ex. 10, 14) On August 14, 2012, St. Clair moved to stay proceedings, which the Court granted on September 20, 2012. (D.I. 33; D.I. 45) While the motion to stay was pending, MMI, on August 31, 2012, submitted its opening claim construction brief and technology

tutorial, consistent with the Scheduling Order. (D.I. 34; D.I. 37) St. Clair did not file its claim construction brief.

On September 11, 2012, MMI filed the present motion for sanctions due to St. Clair's violation of the Court's Scheduling Order. (D.I. 40) MMI requests that the Court dismiss this case or prohibit St. Clair from supporting its claims of infringement, and award MMI its attorneys' fees and costs related to St. Clair's violation of the Scheduling Order. (D.I. 41 at 2)

The Court heard oral argument on the motion on March 27, 2013.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 16(f) provides that a court may issue a just order if a party or its attorney fails to obey a scheduling order. Similarly, Rule 37(b)(2)(A) provides that a court may issue an order if a party fails to provide or permit discovery. Those orders may include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A).

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order . . . ." Dismissal is an extreme sanction that should only be used sparingly, but it is appropriate if a

2

party fails to prosecute an action. *See Harris v. City of Philadelphia.*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Third Circuit has articulated six factors for determining whether dismissal is warranted: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense" (the "*Poulis* factors"). *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance these six *Poulis* factors, and it is possible that dismissal is appropriate even where some factors are unmet. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

### III. DISCUSSION

#### A. *Poulis* Factors Weigh Against Dismissal

Defendant argues that to adequately address Plaintiff's violation, the Court should order dismissal of the case. (D.I. 41 at 8) The Court finds that the *Poulis* factors, discussed below, do not warrant dismissal. However, as St. Clair engaged in sanctionable conduct by failing to adhere to the Scheduling Order, the Court will grant Defendant's motion and award less extreme sanctions.

##### 1. Extent of Party's Personal Responsibility

Defendant unpersuasively argues that St. Clair, rather than its counsel, was responsible for any failure to comply with the Scheduling Order. In support of this contention, Defendant

relies on St. Clair's prior litigation experience as well as the legal background of its President and Vice President. (D.I. 41 at 8) Further, Defendant alleges that St. Clair was aware of the Scheduling Order.

Defendant has failed to present specific facts pointing to St. Clair's knowledge and personal involvement in missing deadlines. St. Clair argues that any violation of the Scheduling Order was due to counsel's unexpected workload in August 2012, illness of two partners, and the departure of a lead associate. (D.I. 47 at 5-6) This factor weighs against dismissal.

### 2. Prejudice to the Adversary Caused by Failure to Meet the Scheduling Order

Defendant contends that Plaintiff violated the Scheduling Order by failing to provide infringement contentions on August 31, 2012. (D.I. 41 at 5-6) Defendant argues that it is thereby prejudiced because it is not able to use the present stay to prepare its noninfringement defenses, while Plaintiff can continue to prepare because it has Defendant's technical documents. (D.I. 48 at 3) Plaintiff responds that Defendant will not face any undue prejudice or tactical disadvantage. (D.I. 47 at 16) The Court agrees. No trial date has been set, the parties have not completed briefing on claim construction, and several months of fact discovery will likely be necessary once the stay is lifted. Additionally, with respect to claim construction, Plaintiff will not gain any significant tactical advantage from knowing Defendant's position on the only disputed claim term,[1] "threshold," to which Defendant devotes but a single paragraph in its claim

---

[1] Between August 13 and August 31, MMI reduced the number of disputed terms to six. Four of the terms have been construed by the Court in related cases. One of the remaining terms was at issue in the Smartphone Case, where St. Clair provided a construction and evidence to MMI. Thus, only one disputed term remains for which St. Clair has not provided MMI with its construction. (D.I. 47 at 8)

4

construction brief.

Moreover, Defendant admits that even if Plaintiff had submitted its infringement contentions, Defendant would not have had sufficient time to analyze them prior to submitting its opening claim construction brief. (D.I. 41 at 3) As Defendant will be given adequate time to prepare fully and completely for trial, this *Poulis* factor weighs against dismissal.

### 3. History of Dilatoriness

As for the third *Poulis* factor, the Court concludes that it, too, weighs against dismissal, but favors imposition of some sanctions. St. Clair informed Defendant on July 31, 2012, one day after the Scheduling Order deadline, that it would not identify any terms requiring construction but reserved the right to respond in opposition to any constructions Defendant offered. (D.I. 47 Ex. 5) St. Clair provided its technology tutorial, the same submitted in related cases, on June 7, 2012, well before the deadline of August 31, 2012. (*Id.* Ex. 4)

The remaining deadlines Defendant alleges St. Clair missed relate to the meet and confer in order to prepare the Joint Claim Construction Chart for submission by August 13, 2012, service of infringement contentions by August 31, 2012, and filing of an opening claim construction brief also by August 31, 2012. (D.I. 41 at 11) St. Clair contends that it did not participate in the meet and confer because MMI allegedly failed to address issues arising from the *Markman* Orders in the related cases. (D.I. 47 at 14) Some of the issues included the number of disputed terms, the overlapping terms in the related cases, which court-construed terms or newly disputed terms needed to be addressed, and which terms Defendant sought to advance in this case. (*Id.*; *id.* Ex. 17) Instead of participating in the meet and confer, St. Clair filed a motion

to stay proceedings. None of this is a valid excuse for not talking and trying to resolve disputes.[2]

Likewise, St. Clair's defense for its failure to deliver infringement contentions and to file an opening claim construction brief is unpersuasive. (D.I. 47 at 13) By relying on its motion to stay as a purported basis not to participate in litigation St. Clair chose to initiate – and in which it remained subject to a Scheduling *Order* – St. Clair essentially engaged in improper self-help, acting as if it had already obtained the relief it had at that point merely *requested* of the Court.

In sum, St. Clair's repeated dilatory conduct warrants sanctions.[3]

### 4. Willfulness or Bad Faith

Defendant alleges that Plaintiff willfully disregarded the Scheduling Order and "appears to have acted in bad faith." (D.I. 41 at 13) In support of this contention, Defendant cites to Plaintiff's July 31, 2012 letter, in which Plaintiff states that it does not identify any disputed terms but reserves the right to respond in opposition. (D.I. 47 Ex. 5) Defendant argues that this letter demonstrates Plaintiff's "bad faith delay tactic designed to buy St. Clair more time to take positions on claim construction." (D.I. 41 at 13) Further, Defendant argues that Plaintiff's failure to participate in a meet and confer to prepare the Joint Claim Construction Chart and

---

[2]The Court is likewise troubled by MMI's failure to meet and confer with St. Clair before filing the instant motion for sanctions. Local Rule 7.1.1 requires parties to make "a reasonable effort ... to reach agreement" with respect to a matter to be raised in a nondispositive motion. While MMI's motion is arguably dispositive because the relief sought includes dismissal, it would have been far preferable for MMI to have met and conferred with St. Clair before filing the motion. The Court is unconvinced that the parties could not have worked out their conflicts over how the other side was proceeding if only they had made more of an effort to communicate.

[3]Plaintiff's citation to Local Rule 16.4 is unavailing. That rule requires the filing of a request for extension of deadlines prior to the expiration of the deadline. Nothing in Local Rule 16.4 justifies treating a timely and contested request for an extension as equivalent to an order granting an extension.

provide infringement contentions is additional evidence of bad faith. (D.I. 41 at 14)

Plaintiff, in the related Computer Case and Smartphone Case, similarly did not identify terms for construction, reserving the right to respond in opposition to proposed constructions. (D.I. 47 at 6) The Court does not conclude that Plaintiff's decision here to proceed in a similar fashion evidences bad faith. Nor does the Court conclude that Plaintiff's decision to file a motion to stay was made in bad faith. Plaintiff filed its motion to stay proceedings two weeks prior to the deadline for claim construction briefs, and also sought Defendant's consent to a stay.

While the Court concludes St. Clair did not act in bad faith, the Court also concludes St. Clair did willfully disregard the Scheduling Order. St. Clair's refusal to meet and confer made it impossible for the parties to submit a *Joint* Claim Construction Chart on the ordered date. St. Clair failed to serve its infringement contentions as ordered and likewise failed to file the ordered claim construction brief. St. Clair's willful disregard for the Scheduling *Order* is further evidenced by its failure to ask MMI if, as a professional courtesy, MMI would agree to extensions of certain deadlines, particularly in light of the unexpected challenges St. Clair's counsel were confronting in the summer of 2012.

### 5. Effectiveness of Sanctions Other Than Dismissal

Alternative sanctions other than dismissal include (1) prohibiting the violating party from supporting or opposing claims or defenses, (2) striking pleadings, (3) staying proceedings, (4) rendering default judgment, (5) treating as contempt of court the failure to obey an order, and (6) imposing fees and costs incurred due to noncompliance. *See* Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 16(f)(2). Here, Defendant has also proposed, and the Court has considered, several other possible sanctions, such as reimbursement of fees and expenses related to claim

construction, reimbursement of fees and expenses incurred in bringing this motion for sanctions, a finding of laches, and striking St. Clair's requests for prejudgment interest and treble damages.

The Court agrees with Defendant that striking pleadings, staying proceedings, default judgment, and contempt of court would be ineffective under the present circumstances. (D.I. 41 at 15) Striking pleadings would be inappropriate as St. Clair has only filed a complaint and motion to stay. *See generally Robertson v. Horton Bros. Recovery, Inc.*, 2006 WL 2917377, at *2 (D. Del. Oct. 10, 2006) (striking pleading inappropriate where answer is only pleading). The Court has already stayed proceedings, and default judgment cannot be rendered against St. Clair because MMI has not filed claims against St. Clair. MMI also argues that no contempt order would remedy St. Clair's failure to comply with the Scheduling Order. Finally, the Court concludes that prohibiting St. Clair from asserting infringement contentions would be inappropriate because it would be tantamount to a dismissal with prejudice.

### 6. Meritoriousness of Claim of Defense

The final *Poulis* factor weighs against dismissal. At this stage of the proceedings, the Court is not in a position to assess the strength of St. Clair's claims.

### 7. Weighing the *Poulis* Factors

Balancing the *Poulis* factors, the Court concludes that imposing fees and costs incurred in bringing this motion for sanctions and striking St. Clair's requests for prejudgment interest are appropriate sanctions. St. Clair engaged in sanctionable conduct when it engaged in self-help by filing a motion to stay, then proceeding as if that motion had already been granted. No party may unilaterally rewrite the Court's Scheduling Order.

## IV.  CONCLUSION

For the above reasons, the Court will grant Defendant's Motion for Sanctions but not award the requested relief.  An appropriate Order follows.